**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LOUIS SPAGNUOLO,

      Plaintiff,

v.                                      Case No. 6:23-cv-746-RBD-RMN

INSURANCE OFFICE OF
AMERICA, INC.; VALLI S.
RITENOUR; JOHN K. RITENOUR;
HEATH RITENOUR; GEORGE
ANTHONY TATUM; and 1188
PARTNERS, LLC,

      Defendants.
_____

## **ORDER**

This case was removed to this Court on the basis of a federal RICO claim.

(Doc. 1.) The Court dismissed that claim without prejudice as insufficiently pled,

noting its skepticism that it could be properly pled at all but permitting repleader.

(Doc. 24.) Plaintiff's amended complaint then dropped the federal RICO claim,

leaving only state law claims remaining. (Doc. 35.) In the absence of any basis for

federal jurisdiction, the Court *sua sponte* remanded the remaining state claims.

(Doc. 36.)

Plaintiff now moves for reconsideration of the remand Order. (Doc. 37.) But

where a district court's remand order is based on lack of jurisdiction over pendent

state claims in the absence of a substantial federal claim, it is unreviewable. *See Harris v. Blue Cross/Blue Shield of Ala., Inc.*, 951 F.2d 325, 326–30 (11th Cir. 1992) (citing 28 U.S.C. § 1447(c), (d)) ("[T]he district court dismissed the federal claim as insubstantial, thus concluding that there was no federal question jurisdiction. . . . Thus, the remand order was one contemplated by § 1447(c). It follows that § 1447(d) bars review of the remand order. . . . Unquestionably, § 1447(d) not only forecloses appellate review, but also bars reconsideration . . . by the district court of its own remand order." (cleaned up)). So this Court lacks jurisdiction to consider Plaintiff's motion.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's motion for reconsideration (Doc. 37) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 8, 2024.

ROY B. DALTON, JR.
United States District Judge